THOMAS C. HUMPHRIES and wife *v.* MARY SHAW, and others.

A testator devised his Skillet-handle farm to A B, in discharge of a debt due to her, and provided further, in an another part of the will, that a certain house should, at the expense of his estate, be removed from another tract to the farm given above; the devise having been accepted, *Held,* that although as regards creditors the house was to be treated as per-sonalty, yet as against the other devisees it remained realty, and there-fore, that A. B., being a purchaser for value, was entitled to have its value, and a sum sufficient to pay for its removal, as above, made up to her by the other devisees.

(*Shaw* v. *McBride*, 3 Jon. Eq. 173 cited and approved.)

BILL, filed at Spring Term 1867 of the Court of Equity for CURRITUCK, against the executor and the devisees of one Alfred Perkins; and at Spring Term 1868, set for hearing upon bill, answers and exhibit, and transferred to this Court.

The bill set forth the death of Perkins, in Currituck County, in 1856, leaving a will in which, amongst other things by the second clause thereof, he devised " to Mollie Frost my Skillet-handle Farm containing about one hundred and forty-five acres, provided she is willing to release my estate from any amount I may owe her as guardian; but if she has no heir begotten of her body at her death I give and bequeath the foregoing property to her two brothers Thomas Frost and Alfred Frost, to them and their heirs forever; " and, by the ninth clause, " I leave the house now used as a school house,

near the Baptist Church, to be moved by my executor, at the expense of my estate, upon the Skillet-handle farm, for the use of the same." It further stated that the debt due to said Mollie Frost was about $1,000, and was the full value of the land devised to her; that the devisee (now the *feme* plaintiff) had elected to take the farm, and that the plaintiffs had tendered a release of the debt to the executor; that under a decree of the Superior Court, the house had been sold to pay debts, and had brought $325, and that the expense of removing it would have been about $60; that they had applied to the executor to pay them the $385, but he had refused to do so. The prayer was for an account, and for general relief.

The answers admitted the general allegations of the bill, but denied the right of the plaintiffs to relief, inasmuch as the house was personal estate and had been used to pay debts, and the whole personal estate of the testator was exhausted; also that the farm exceeded in value the debt to the *feme* plaintiff; and the bequest of the school house, being in another clause of the will, was not intended to be subject to the conditions of the devise of the farm.

*Smith,* for the plaintiffs.

No counsel, *contra.*

RODMAN, J. The questions presented in this case arise upon the effect of certain clauses in the will of Alfred Perkins, which was made in 1856.

The second clause is as follows: "I give and bequeath to Molly Frost (the present *feme* plaintiff) my Skillet-handle farm, containing about one hundred and forty-five acres, provided she has an heir begotten of her body, and provided she is willing to release my estate from any amount I may owe her as guardian, but if she has no heir begotten of her body at her death, I give and bequeath the foregoing property her two brothers, Thomas Frost and Alfred Frost, to them and their heirs forever."

The ninth clause is as follows: "I leave the house now

used as a school house, near the Baptist Church, to be moved by my executor at the expense of my estate, upon the Skillet-handle farm for the use of the same, &c.

The plaintiffs accepted the gifts in the will in satisfaction of what was owing to the *feme* plaintiff by the testator, and, with the assent of the executor, took possession of the Skillet-handle farm; they offer to execute a proper release.

The executor of Perkins, under a decree of the Court in the case of *Shaw* v. *McBride*, reported in 3 Jon. Eq. 173, by which it was declared, that, as between the creditors of Perkins and his executor the school house was to be regarded as personal property, sold the same, and exhausted the proceeds in paying the debts of the testator. All the other personal estate has been in like manner exhausted; and the object of this bill is to recover from the other devisees of Perkins, the sum for which the school house sold, and the expense of its removal to the Skillet-handle farm, with interest. It appears from the pleadings, that the testator at his death, was indebted to the *feme* plaintiff, in about the value of the farm devised to her; if the case were between the plaintiffs and the other creditors of the testator, it might be material to ascertain the true relative values of the debt, and of the property devised; but as between the plaintiffs and the other devisees, that question is not material. The plaintiffs claim, that the legacy of the school house is subject to the same condition of a release of her debt as the devise in the third clause, and that as between them, and the other devisees, they stand in the position of purchasers for value, and must receive the whole that is given to them, before the other devisees can receive anything. We are of opinion that this claim is well founded. Although the ninth clause of the will is separated from the second by several other clauses having no connection with these, yet the two clauses are parts of the same will, and the ninth is necessarily referred to the second for its correct understanding, by the words " for the use of " the Skillet-handle farm. These words necessarily imply that the school house is to be attached to the farm, and made part of it, for the benefit of the devisee,

and it thereby becomes subject to the same conditions. By reason of these words, the devisee could not have rejected the Skillet-handle farm, and accepted the school house as an independent legacy, free from conditions. Although as between creditors of the testator and his personal representative, the house was to be considered as converted into personalty, yet as between the plaintiff and the other devisees, it is to be regarded as a part of the farm, to which it is directed to be removed. *Shaw* v. *McBride, ubi supra.*

The plaintiffs, on executing a proper release, are entitled to receive from the other devisees the sum for which the school house sold, and a sum equal to the expense of its removal to the Skillet-handle farm, with interest from the filing of the bill, and unless the amounts can be agreed on, there must be a reference to ascertain them. The plaintiffs are also entitled to recover their costs.

PER CURIAM.                    Decree accordingly.